MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov

Attorney for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ESTATE OF WILLY WAYNE-ANDRE PEPION,<br><br>       Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | CV 22-41-GF-BMM<br><br>UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT |

Defendant United States of America hereby responds to the Complaint in the above-captioned matter. The paragraph numbers below correspond to those in the Complaint. The United States denies any and all allegations in the Complaint that are not specifically admitted.

1. The allegations in paragraph 1 contain statements of law which require no response. To the extent any further response is deemed necessary, the United

States lacks sufficient information to confirm or deny the allegations in paragraph 1, and therefore denies such allegations.  The United States further denies the allegations pertaining to 42 U.S.C. § 1983.

2.  The allegations in paragraph 2 consist of legal conclusions which require no response.  To the extent any further response is deemed necessary, the United States admits the Blackfeet Reservation is within the Great Falls Division.  The United States specifically denies any allegation of negligence.

3.  In response to the allegations in paragraph 3, Defendant admits the Bureau of Indian Affairs received an administrative claim on July 26, 2021.  Defendant denies the Department of the Interior denied the administrative tort claim on August 25, 2021.  Paragraph 3 otherwise consists of legal conclusions which require no response.  To the extent any further response may be deemed necessary, the United States denies such allegations for lack of knowledge.

4.  The United States lacks sufficient information to confirm or deny the allegations in paragraph 4, and therefore denies such allegations.

5.  The allegations in paragraph 5 consist of legal conclusions which require no response.  To the extent any further response is deemed necessary, the United States lacks sufficient information to confirm or deny the allegations of the first sentence, and therefore denies such allegations.  The United States denies the second sentence.

6.-7.  The allegations in paragraphs 6-7 consist of legal conclusions which require no response.  To the extent any further response is deemed necessary, the United States lacks sufficient information to confirm or deny the allegations, and therefore denies such allegations.

8.  The United States lacks sufficient information to confirm or deny the allegations in paragraph 8, and therefore denies such allegations.

9.  In response to the allegations in paragraph 9, the United States lacks sufficient information to confirm or deny the allegations in the first, fourth, and fifth sentences, and therefore denies such allegations.  The United States denies the second sentence, except to admit Blackfeet law enforcement observed Pepion was bleeding from his nose and appeared intoxicated.  The United States denies the third sentence for lack of knowledge, except to admit law enforcement arrested Pepion and transported him to the Blackfeet Community Hospital ER.

10.  The United States lacks information sufficient to confirm or deny the allegations in paragraph 10, and therefore denies such allegations, except to admit Pepion was transported to and booked into the Blackfeet Detention Center.

11.  The United States lacks information sufficient to confirm or deny the allegations in paragraph 11, and therefore denies such allegations.

12.  The United States denies the allegations in paragraph 12, except to admit Mr. Pepion passed away.

13.-14.  Paragraphs 13-14 consist of legal conclusions which require no response.  To the extent any further response may be deemed necessary, the United States denies the allegations in paragraphs 13-14.

15.   The United States denies the allegations in paragraph 15.

16.  The United States incorporates all previous responses.

17.-18.  The United States denies the allegations in paragraphs 17-18.

19.  The United States incorporates all previous responses.

20.  The first sentence of paragraph 20 consists of legal conclusions which require no response.  To the extent any further response is deemed necessary, the United States lacks sufficient information to confirm or deny the first sentence, and so denies such allegations.  The United States otherwise denies paragraph 20.

21.  The United States denies the allegations in paragraph 21.

22.  The United States incorporates all previous responses.

23.  The United States denies the allegations in paragraph 23.

24.  The United States incorporates all previous responses.

25.-26.  Paragraphs 25-26 consist of conclusions of law, which require no response.  To the extent any further response may be deemed necessary, the United States lacks sufficient information to confirm or deny, and therefore denies such allegations.

27.-30.  The United States denies the allegations in paragraphs 27-30.

31. The United States incorporates all previous responses.

32.-34. The United States denies the allegations in paragraphs 32-34.

35. The United States incorporates all previous responses.

36. The United States denies the allegations in paragraph 36.

37. The United States lacks sufficient information to confirm or deny the allegations in paragraph 37, and therefore denies such allegations.

38. The United States denies the allegations in paragraph 38.

The remainder of the complaint consists of Plaintiff's prayer for relief, which requires no response. To the extent any further response is deemed necessary, the United States denies Plaintiff is entitled to such relief.

## GENERAL DENIAL

The United States hereby denies any allegation in the complaint not expressly admitted above.

## AFFIRMATIVE DEFENSES

Defendant denies all allegations of the Complaint, including prayers for relief, not expressly admitted in the Answer. The following defenses are applicable, where appropriate, to Plaintiff's claims for relief.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of the action.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Defendant United States, through its employees and agents, acted with due care and diligence at all relevant times.

## FOURTH AFFIRMATIVE DEFENSE

No acts or omissions by the United States were the proximate cause of any injury to the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

In the event that the United States is found to have been negligent, which negligence is denied, the negligence of the plaintiff was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial. Any action against the United States pursuant to 28 U.S.C. § 1346 shall be tried by the court without a jury.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, damages, and losses, if any, were not proximately caused by the negligence or negligence per se of any employee of the United States acting within the scope and course of his or her employment.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is limited to the amount sought by him administratively. 28 U.S.C. § 2675(b).

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, damages, and losses, if any, were solely and proximately caused by his own negligence, carelessness, or recklessness.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, may be diminished or barred by the comparative fault of Plaintiff and/or the fault of other defendants or of non-parties.

## TWELFTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees.

## THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, Plaintiff is prohibited from recovering any amount of pre-judgment interest or punitive damages against Defendant.

The United States may have further and additional defenses which are not yet known but which may become known through future discovery. The United

States avers herein each and every affirmative defense as may be ascertained through future discovery, including those required by Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant, United States of America prays that Plaintiff's Complaint be dismissed with prejudice or, in the alternative, judgment be entered for the United States, that Plaintiff be denied any and all relief, that the United States be awarded its costs incurred in defending this action, and that the United States be granted such other further relief as the Court deems appropriate.

DATED this 1st day of July, 2022.

                                JESSE A. LASLOVICH
                                United States Attorney

                                /s/ Mark Steger Smith
                                Assistant U.S. Attorney
                                Attorney for Defendant