# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| **ESTATE OF WILLY WAYNE-ANDRE PEPION,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | CV 22-41-GF-BMM<br><br><br>**PROTECTIVE ORDER** |

The United States has filed an unopposed motion for protective order. This case involves a criminal investigation and/or an internal affairs investigation related to the death of Willy Wayne-Andre Pepion, which may include interviews of witnesses who are not a party to this proceeding. Plaintiff asks the United States to produce certain documents related to the criminal investigation and internal affairs investigation. Plaintiff also seeks the employment/personnel files of corrections officers, including documents related to hiring and employment. These documents contain sensitive information and evidence protected by the Privacy Act, 5 U.S.C. § 552a.

Based on the unopposed motion and with good cause appearing,

IT IS HEREBY ORDERED as follows:

1

1. All documents, information, and evidence produced in this litigation related to any law enforcement investigation, internal affairs investigation, sensitive law enforcement information, or personnel files, shall be used only for the purposes of and within the confines of this case. Such documents, information, and evidence must be clearly marked "CONFIDENTIAL" on every page, file, or item. All such documents and items shall be shown only to the parties to this case, their attorneys and attorneys' employees, any parties' experts or consultants, judges, court personnel, court reporters, mediators agreed upon by the parties, and/or witnesses during or in preparation for deposition or trial testimony. Such documents may be used as exhibits during depositions, motions for summary judgment, and for trial. None of the documents or information described above shall be released, shown to, or otherwise disclosed to any other person, firm, or entity, except as described above, unless ordered by the Court.

2. At the conclusion of this lawsuit, all of the documents and items described above shall be returned to counsel for Defendant United States or destroyed by Plaintiff's counsel.

3. Notwithstanding anything to the contrary contained herein, in no event shall this Protective Order be construed as a waiver by any of the parties of the right to assert any privilege against disclosure, or any other basis justifying the

non-disclosure of documents, including but not limited to the attorney-client and work product privileges. The parties retain the right to interpose objections to specific discovery requests or responses and to submit motions seeking to quash production of documents or to compel production.

**DATED** this 18th day of October, 2022.

_____
Brian Morris, Chief District Judge
United States District Court